**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-08066-001-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Gunnar Ned Watahomigie, | |
| Defendant. | |

Pending before the Court is the government's motion to dismiss the indictment without prejudice pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. (Doc. 84.) Although Defendant does not oppose dismissal, he contends the dismissal should be with prejudice. (Doc. 88.)

The government's request for a without-prejudice dismissal is granted. Under Rule 48(a), "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." The Ninth Circuit has explained that "Rule 48(a) allows the government, provided it is not acting in bad faith, to dismiss an indictment without prejudice and later to reindict based on the same or similar charges. . . . [W]hen the government requests a Rule 48(a) dismissal in good faith, the district court is duty bound to honor the request." *United States v. Hayden*, 860 F.2d 1483, 1488 (9th Cir. 1988). *See also United States v. Maximov*, 2009 WL 5174983, *2 (D. Ariz. 2009) ("The standard for holding that a Rule 48(a) dismissal is with prejudice, and thereby blocking re-prosecution of a defendant, is essentially the same as the standard for denying a Rule 48(a) motion. Both require some

showing of bad faith on the part of the prosecution. This makes sense, because both actions interfere with prosecutorial discretion. Thus, the Ninth Circuit has held that Rule 48(a) allows the government to dismiss an indictment without prejudice and later to re-indict based on the same or similar charges, provided it is not acting in bad faith. Other courts likewise have held that a dismissal under Rule 48(a) should be with prejudice only when the government acts in bad faith.") (cleaned up).

Here, the Court finds that the government is not acting in bad faith—its rationale for seeking a without-prejudice dismissal (Doc. 84 at 1; Doc. 90) is logical and appropriate, and Defendant's seeming claim of undue delay (Doc. 88) is unfounded, for the reasons stated in the government's reply (Doc. 90).

Accordingly,

**IT IS ORDERED** that the government's Rule 48(a) motion to dismiss the indictment without prejudice (Doc. 84) is **granted**.

**IT IS FURTHER ORDERED** that the indictment is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the Federal Medical Center in Springfield, Missouri discharge Defendant to the custody of the U.S. Marshal Service.

**IT IS FURTHER ORDERED** that the U.S. Marshal Service shall transport Defendant to the District of Arizona to be released from custody as to this matter only.

**IT IS FURTHER ORDERED** that the Clerk shall terminate this action and vacate all pending deadlines and hearings.

Dated this 12th day of July, 2024.

Dominic W. Lanza
United States District Judge

- 2 -